CATHERINE L. LEVERONI

v.

COUNTY OF ARLINGTON

No. 2294-92-4

Decided July 5, 1994

</div>

COUNSEL

William B. O'Connell (Cranwell & O'Connell, on brief), for appellant.

Glenn Alan Makl, Assistant Commonwealth's Attorney, for appellee.

Opinion

**MOON, C.J.**—Catherine L. Leveroni was convicted of driving while intoxicated in violation of Arlington County Code § 14-40. On appeal, Leveroni contends that under Code § 19.2-81,[1] her warrantless arrest was invalid because she did not commit a misdemeanor in the presence of an officer and her striking an HOV sign off the roadway was not an "accident" which took place on a "highway." Therefore, Leveroni contends, the trial court erred in admitting into evidence her certificate of breath analysis. We disagree and affirm her conviction.

An Arlington police officer arrived at a highway on-ramp and observed Leveroni's vehicle against an HOV sign located approximately twenty feet off the hard surface of the highway. Leveroni admitted to the officer that between five and ten minutes earlier, as a result of inattention, she had driven her car off the road. Leveroni also admitted that she had consumed three drinks earlier that evening. She elected to take the breath test, which reflected a .16 percent blood alcohol content.

Leveroni first asserts that the Commonwealth failed to prove an accident. She contends that the word "accident" presupposes some degree of damage to either individuals or property. Although the term "accident" is not defined in Code § 19.2-81, "words in a statute are to be construed according to their ordinary meaning, given the context in which they are used." *Grant v. Commonwealth*, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982). This Court has noted that the term "accident" means "an event occurring by chance or from unknown causes," or "an unfortunate event" and that "there is nothing inherent in the meaning of the word . . . that suggests that it applies only when a vehicle strikes or collides with a person or property." *Smith v. Commonwealth*, 8 Va. App. 109, 114, 379 S.E.2d 374, 377 (1989).

Here, Leveroni's car came in contact with an HOV sign twenty feet from the hard surface, which resulted from her admitted failure to pay attention. Consequently, we hold that this event was an

---

[1] The relevant portion of Code § 19.2-81 provides:
Any such officer may, at the scene of any accident involving a motor vehicle . . . on any of the highways . . . of the Commonwealth, upon reasonable grounds to believe, based upon personal investigation . . . that a crime has been committed by any person then and there present, apprehend such person without a warrant of arrest.

accident within the meaning of the statute.

Leveroni further asserts that her conviction should be overturned because the accident did not take place on a "highway." Arlington County Code § 14-1, in effect at the time of the accident, and Code § 46.2-100 define the term "highway" broadly.[2] In analyzing a former statutory definition of "highway", the Supreme Court of Virginia held that the term was not limited "to the main-travelled portion of the way or to lanes specifically designated for vehicular traffic," and that "[n]o exception is made as to the shoulders or slopes of the way." *Crouse v. Pugh*, 188 Va. 156, 164-65, 49 S.E.2d 421, 426 (1948).

Here, Leveroni was traveling on a roadway when she veered off the hard surface and came to rest against the HOV sign. Irrespective of where her vehicle stopped, we hold that the accident began when she left the hard surface and that the accident scene was on a highway.

Because the police officer arrived at the scene of an accident on a highway of the Commonwealth and, upon personal investigation, had reasonable grounds to believe Leveroni had committed the crime of driving while intoxicated, we find the warrantless arrest valid and affirm her conviction.

*Affirmed.*

Willis, J., and Duff, S.J., concurred.

---

[2]  Code § 46.2-100 defines "highway" as:

[T]he entire width between the boundary lines of every way or place open to the use of the public for purposes of vehicular travel in the Commonwealth, including the streets and alleys, and, for law-enforcement purposes, the entire width between the boundary lines of all private roads or private streets which have been specifically designated "highways" by an ordinance adopted by the governing body of county, city, or town in which such private roads or streets are located.

Arlington County Code § 14-1 parallels this definition.