COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Senior Judges Cole and Hodges


JARROD O'BRIAN FARMER

v.      Record No. 1641-94-3                OPINION BY
                                  CHIEF JUDGE NORMAN K. MOON
COMMONWEALTH OF VIRGINIA               OCTOBER 3, 1995

            FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                      Richard S. Miller, Judge

            William Parker Walker, Senior Assistant Public
            Defender (Office of the Public Defender, on
            brief), for appellant.

            H. Elizabeth Shaffer, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on brief),
            for appellee.


        Jarrod O'Brian Farmer appeals his conviction for possession
of cocaine, arguing that probable cause did not exist to support
his arrest and search for the cocaine.  We disagree and affirm
the conviction.

        Officer R.D. Carson received a dispatch that an
unidentified citizen had reported that she suspected a black
male, wearing a camouflage jacket and jeans, was selling drugs in
the 2800 block of Loraine Street.  The citizen reported that the
individual had flagged down several cars, would spend a short
time at them, and then return to the sidewalk.  Carson knew the
area to be one of the prime illicit drug distribution sites in
the City of Lynchburg and one where he had participated in drug
seizures.  He also knew that other drug and firearm arrests had
been made there during the preceding year.

        When Carson arrived at the address five minutes later, he

saw Farmer dressed exactly as the citizen had described and standing at the passenger side of a pickup stopped on Loraine Street facing toward Front Street. Carson knew from his own undercover experience that drug distributors frequently approach their customers in this manner.

Farmer looked up from the pickup, saw Officer Carson's marked police cruiser, and turned and walked away down Front Street. The pickup backed up and proceeded down Loraine Street. Carson followed Farmer. As Farmer was cutting through a yard, Carson yelled to Farmer and asked him to approach the cruiser. At that point, Farmer turned, looked at Carson, and ran. Carson chased Farmer and called for assistance. Officer Williams joined in the pursuit. The record does not reveal the exact route or distance Farmer ran. However, it shows that as he ran, he jumped a fence. At one point he appeared to be reaching into his pockets as if to get rid of something. Farmer ran toward High Street onto the rear porch of a residence and attempted but was unable to enter the house. He then ran to the front of the house on High Street, along Front Street into a wooded area, and along a creek. There, Williams caught up with Farmer and tackled him. Carson arrived just as Williams tackled Farmer. The officers searched Farmer and found a plastic "corner" containing what appeared to be two pieces of cocaine, and an amber tube containing cocaine residue. Farmer was arrested and charged with possession of cocaine and hindering a police officer in the performance of his duties in violation of a city ordinance.

The question is whether the police had the right to subdue and search Farmer when they caught up with him.  We begin by noting that when Officer Carson requested that Farmer approach his vehicle, Farmer's Fourth Amendment rights were not violated. See Baldwin v. Commonwealth, 243 Va. 191, 198, 413 S.E.2d 645, 648-49 (1992) (police officer flashing his cruiser's floodlight on person and demanding person approach the police officer involved no Fourth Amendment implications).  Not until Farmer was subdued was the Fourth Amendment implicated. California v. Hodari D., 499 U.S. 621 (1991) (holding seizure does not occur until suspect submits to lawful show of authority); Woodson v. Commonwealth, 245 Va. 401, 429 S.E.2d 27 (1993).

Appellant would have us focus on the information provided in the citizen complaint.  He contends the police did not have articulable suspicion or probable cause to investigate based solely on a citizen complaint.  Wright v. Commonwealth, 222 Va. 188, 278 S.E.2d 849 (1981).  However, whether the citizen complaint and Carson's initial observations of Farmer justified the police stopping and frisking or seizing Farmer was mooted by Farmer's flight.  No seizure occurred until Farmer was physically subdued by the officers.  See Hodari D., 499 U.S. at 624.  Thus, we start the inquiry at the point Farmer was seized.

In making a probable cause determination, "the task . . . is simply to make a practical, common sense decision whether, given all the circumstances . . ., there is a fair probability that contraband or evidence of a crime will be found in a particular

place." Illinois v. Gates, 462 U.S. 213, 238 (1983). As a general rule, "subject only to a few specifically established and well-delineated exceptions," warrantless searches are presumptively unreasonable. Horton v. California, 496 U.S. 128, 133 & n.4 (1990). However, searches conducted incident to a lawful arrest are exempt from the warrant requirement. Chimel v. California, 395 U.S. 752, 759 (1969).

Before Farmer was seized, Carson saw Farmer more than five minutes after the complaint in a drug market area engaging in an activity which, although innocent in itself, was consistent with selling drugs. Carson's observations and the citizen's complaint that a person dressed as Farmer and acting consistent with the report of the person flagging down cars and approaching them for a few minutes were sufficient to afford Carson reasonable suspicion of drug distribution. Also, the fact that Farmer looked up from the pickup, saw the police cruiser, abruptly ended his contact at the pickup, and walked away would give Carson additional reason to suspect that Farmer was involved in illicit drug sales.

When Farmer fled, the officer had further reason to believe Farmer was engaged in criminal activity. See Langhorne v. Commonwealth, 13 Va. App. 97, 409 S.E.2d 476 (1991). Farmer's flight took on a desperate air when he jumped a fence, tried and failed to enter a residence, proceeded along several streets, and fled into the woods and along a creek before being caught. During his flight, Farmer attempted to reach into his pockets as

- 4 -

if to dispose of something.

Given the circumstances, we hold there was a "fair probability that contraband or evidence of a [drug related] crime [would] be found . . . [on Farmer]." Gates, 462 U.S. at 238. Thus, when Farmer's Fourth Amendment rights were implicated, Carson had probable cause to believe that Farmer was engaged in selling drugs and had in his possession evidence of the crime.

Where, as here, the product of the search is not essential to establish probable cause to arrest and "the formal arrest followed quickly on the heels of the challenged search of [the defendant's] person," it is not "particularly important that the search preceded the arrest rather than vice versa." Rawlings v. Kentucky, 448 U.S. 98, 111 (1980). The exigencies of the situation justified the seizure of Farmer as well as the seizure of the drugs. Thus, we hold the cocaine was found during a lawful search, and the trial judge did not err in refusing to suppress the evidence.

Affirmed.