COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Willis and Annunziata
Argued at Richmond, Virginia

SEAN RODERIC BELL

MEMORANDUM OPINION[*] BY
v.    Record No. 2792-96-2        JUDGE ROSEMARIE ANNUNZIATA
                                       FEBRUARY 3, 1998
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
James B. Wilkinson, Judge

John F. McGarvey for appellant.

Pamela A. Rumpz, Assistant Attorney General
(Richard Cullen, Attorney General; Monica S.
McElyea, Assistant Attorney General, on
brief), for appellee.


Sean Roderic Bell (appellant) appeals his conviction for

possession of cocaine with intent to distribute and trespassing

on the basis that the trial court erroneously denied his motion

to suppress evidence seized by the police in a search of

appellant's person.

On March 14, 1996, Richmond police officers, including

Officer John O'Connor, approached the Pinebrook Village apartment

complex, an area marked "no trespassing." Officer O'Connor knew

that appellant's grandmother lived in the complex and had warned

appellant repeatedly that he was trespassing if he was not

visiting his grandmother in or near her apartment. Officer

O'Connor saw appellant "a long distance from" the building where

--------

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

appellant's grandmother lived.

Officer O'Connor approached a group of people near open containers of alcohol, including appellant, and asked appellant what he was doing at the complex. Appellant answered that he was visiting a friend. However, upon further inquiry, Officer O'Connor determined that appellant's friend was not a resident of the complex; the single resident of the complex in the group denied that appellant was visiting her.

Officer O'Connor arrested appellant for trespassing and, as he placed appellant in handcuffs, he felt a chunk in the sleeve of appellant's sweatshirt. Officer O'Connor discovered several plastic bags containing what turned out to be cocaine, as well as a pager and over $400 in cash, in appellant's sleeve, pockets, and sweatpants.

On cross-examination at the suppression hearing, Officer O'Connor testified that either he or another officer patted down appellant and that appellant was not free to leave during the questioning. A witness for the defense testified that she was standing near appellant when she saw Officer O'Connor grab appellant's arm, pat him down, and continue to hold his arm while speaking to him.

The trial court ruled that the police had probable cause to arrest and search appellant. Appellant was convicted of possession of cocaine with intent to distribute and trespassing, and was sentenced to twelve years imprisonment, nine years three

2

months suspended, on the cocaine charge.  The court suspended the imposition of sentence on the trespassing charge.

Appellant contends that he was seized by Officer O'Connor without the reasonable articulable suspicion required by Terry v. Ohio, 392 U.S. 1 (1968).  We disagree and affirm.

Appellant bears the burden of demonstrating that the trial court's denial of his motion to suppress, "'when the evidence is considered most favorably to the Commonwealth, constituted reversible error.'"  McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (quoting Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980)).  We review "'[u]ltimate questions of reasonable suspicion and probable cause to make a warrantless search' . . . de novo on appeal," but "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them."  Id. at 198, 487 S.E.2d at 261 (quoting Ornelas v. United States, __ U.S. __, __, 116 S. Ct. 1657, 1659 (1996)).

Viewing the evidence in the light most favorable to the Commonwealth, O'Connor's only interaction with appellant prior to arresting him was to ask him what he was doing in the complex. Questioning by a police officer, without more, does not implicate the Fourth Amendment "'as long as the citizen [being questioned] voluntarily cooperates with the police.'"  Payne v. Commonwealth, 14 Va. App. 86, 88, 414 S.E.2d 869, 870 (1992) (quoting United States v. Wilson, 953 F.2d 116, 121 (4th Cir. 1991)).  O'Connor's

other questions were directed to individuals other than appellant.[1]

O'Connor's arrest of appellant required probable cause to satisfy the Fourth Amendment. See, e.g., McGee, 25 Va. App. at 198, 487 S.E.2d at 261 (citing United States v. Sokolow, 490 U.S. 1, 7 (1939)). We find this constitutional standard has been met in this case. Officer O'Connor knew that appellant had a history of loitering in the posted "no trespassing" complex and had warned him several times about trespassing. Officer O'Connor also knew where appellant's grandmother lived in the complex and knew that appellant was not near the building in which his grandmother lived. Officer O'Connor properly questioned appellant briefly to determine if he was in fact trespassing. In the course of his questioning, Officer O'Connor learned that the person whom appellant claimed to be visiting was not a resident of the posted "no trespassing" apartment complex and that the

---

[1]Assuming that O'Connor's questioning of appellant rose to the level of a seizure, the seizure was justified by reasonable articulable suspicion. "'[I]f there are articulable facts supporting a reasonable suspicion that a person has committed a criminal offense, that person may be stopped in order to identify him, to question him briefly, or to detain him briefly, while attempting to obtain additional information.'" DePriest v. Commonwealth, 4 Va. App. 577, 585, 359 S.E.2d 540, 544 (1987) (quoting Hayes v. Florida, 470 U.S. 811, 816 (1985)). Officer O'Connor had articulable facts supporting a reasonable suspicion that appellant was trespassing in the apartment complex, as described below. Furthermore, the challenged evidence was seized pursuant to a search incident to an arrest supported by probable cause, rendering moot the question of whether the brief detention for questioning was supported by reasonable suspicion. White v. Commonwealth, 24 Va. App. 234, 239, 481 S.E.2d 486, 488 (1997), reh'g en banc granted, April 1, 1997.

4

only resident of the complex denied appellant was visiting her. Appellant, therefore, had no ostensibly lawful claim to be in the apartment complex. Because appellant committed the crime of trespassing in his presence, Officer O'Connor had the authority to arrest him under Code § 19.2-81.

"[A]n arresting officer may, without a warrant, search a person validly arrested." Michigan v. DiFillippo, 443 U.S. 31, 35 (1979); see also, e.g., Farmer v. Commonwealth, 21 Va. App. 111, 115, 462 S.E.2d 564, 566 (1995) ("[S]earches conducted incident to a lawful arrest are exempt from the warrant requirement."). Officer O'Connor discovered the challenged evidence during the arrest and incident search of appellant for trespassing.

Therefore, we find that the search of appellant and the seizure of appellant's contraband were reasonable under the meaning of the Fourth Amendment. See Jordan v. Commonwealth, 207 Va. 591, 596, 151 S.E.2d 390, 394 (1966) (holding that a search incident to an arrest for trespassing was constitutional).

Affirmed.