COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


CIRO ANTONIO FERRUFINO
                                    MEMORANDUM OPINION* BY
v.          Record  No. 1930-98-4   JUDGE CHARLES H. DUFF
                                       NOVEMBER 9, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                    Thomas D. Horne, Judge

        Jeffrey B. Rice for appellant.

        Stephen R. McCullough, Assistant Attorney
        General (Mark L. Earley, Attorney General;
        Virginia B. Theisen, Assistant Attorney
        General, on brief), for appellee.


     Ciro Antonio Ferrufino was convicted in a bench trial of

driving while intoxicated, a third offense within ten years.  On

appeal, appellant argues that he was unlawfully arrested and

that the trial court erred in admitting the certificate of

analysis and denying his motion to strike the evidence.

     The statement of facts and amendment thereto reflect that

on November 10, 1997, Deputy DiBenedetto was responding to a

residence when he observed appellant's truck, which was

partially off the road and stuck in mud up to its axles.

DiBenedetto encountered appellant at the residence and, after

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

questioning appellant and administering some field sobriety tests, arrested appellant for driving while intoxicated. DiBenedetto subsequently administered a breath test to appellant, which showed .21 grams of alcohol per 210 liters of breath.  The test results were admitted into evidence.

The statement of facts notes that after the Commonwealth rested,

> [t]he Court denied the defendant's motion to strike, which was based on the assertion that Deputy DiBenedetto had no authority to arrest Mr. Ferrufino because the arrest for a misdemeanor committed out of the presence of an officer requires a warrant.  The Court ruled that pursuant to Leveroni v. County of Arlington [18 Va. App. 626, 445 S.E.2d 723 (1994)], the facts of this case permitted a warrantless arrest as authorized in § 19.2-81, Code of Virginia.

Appellant renewed his motion to strike after presenting evidence.

The record does not reflect that appellant objected to the certificate of analysis when it was admitted.  See Lee v. Lee, 12 Va. App. 512, 516-17, 404 S.E.2d 736, 738-39 (1991) (en banc) (holding that the appellant has the burden of presenting a sufficient record to establish that an issue was properly preserved for appeal).  "To be timely, an objection must be made when the occasion arises--at the time the evidence is offered or the statement made."  Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986).  Furthermore, "[a] litigant may

-

not, in a motion to strike, raise for the first time a question of admissibility of evidence." Woodson v. Commonwealth, 211 Va. 285, 288, 176 S.E.2d 818, 821 (1970).

Appellant waived his objection to the admissibility of the certificate of analysis when he did not object to it when it was admitted into evidence. Moreover, even if we assume appellant preserved his challenge to the admissibility of the certificate of analysis, his argument that there was no "accident" fails on the merits.

> This Court has noted that the term "accident" means "an event occurring by chance or from unknown causes," or "an unfortunate event" and that "there is nothing inherent in the meaning of the word . . . that suggests that it applies only when a vehicle strikes or collides with a person or property."

Leveroni, 18 Va. App. at 627, 445 S.E.2d at 724 (quoting Smith v. Commonwealth, 8 Va. App. 109, 114, 379 S.E.2d 374, 377 (1989)).

The record reflects that appellant's vehicle went far enough off the paved roadway to become mired in mud up to its axles. This constituted an "accident" for purposes of Code § 19.2-81. Accordingly, the trial court did not err when it ruled that an accident occurred and denied appellant's motion to strike.

-

Appellant also contends that, because he was one hundred yards away from his vehicle at the time he was arrested, he was not arrested at the "scene" of the accident.  The statement of facts does not reflect, however, that appellant made this specific argument to the trial court during his motion to strike.  Accordingly, we will not address this issue for the first time on appeal.  See Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (this Court will not consider an argument on appeal that was not presented to the trial court).

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.