# CIRCUIT COURT OF SOUTHAMPTON COUNTY

Commonwealth of Virginia

v.

Keith R. Vick

January 29, 2001

Case Nos. CR00-402, CR00-403, CR00-455

BY JUDGE D. ARTHUR KELSEY

The Commonwealth asserts that Keith R. Vick operated his vehicle under the influence of alcohol, Va. Code Ann. § 18.2-266 (Michie 1996), possessed a weapon as a convicted felon, Va. Code Ann. § 18.2-308.2(A) (Michie Supp. 2000), and possessed illegal drugs, Va. Code Ann. § 18.2-250.1 (Michie Supp. 2000). Vick has filed a pretrial motion to suppress, challenging the admissibility of certain incriminating evidence. *See* Defendant's Motion to Suppress (Dec. 8, 2000); Preliminary Hearing Transcript at 22-26, 31-38 (July 25, 2000); Suppression Hearing Transcript at 6-11, 16-17, 27-30, 38-39 (Dec. 19, 2000); Brief in Support of Motion to Suppress (Jan. 24, 2001). Vick

claims violations of the Fourth Amendment to the U.S. Constitution, along with breaches of "constitutional and statutory laws of the Commonwealth of Virginia." Defendant's Motion to Suppress, ¶¶ 1-2, at 1 (Dec. 8, 2000). For the following reasons, the Court grants the motion in part and denies it in part.[1]

At about 9:00 a.m. on April 18, 2000, Archer L. Mavin, Jr., an officer with the Virginia Department of Corrections, was traveling east on Route 58 on his way to work. *See* Preliminary Hearing Transcript at 4 (July 25, 2000).[2] To the untrained eye, Mavin's vehicle looked like an unmarked police cruiser. *Id.* at 5. Assuming Mavin to be a police officer, several drivers on the road began "motioning" to Mavin and "pointing" at a vehicle further ahead. *Id.* Mavin sped up and saw ahead of him a vehicle "riding in the center of the road." *Id.* The vehicle traveled at a "slow rate of speed" and "swerved" in Mavin's direction, pushing him onto the shoulder of the road. *Id.* Mavin immediately got on the radio and notified the Southampton Sheriff's Department that a vehicle was "swerving across the road" and "driving in the middle of the road." *Id.* at 6.

As they went down the highway, the swerving vehicle nearly ran another car off the road, almost hit a tractor-trailer, and "rode over several traffic cones" placed by VDOT workers. *Id.* Within a moment or two, an unmarked Courtland police cruiser pulled up behind the swerving vehicle and flashed its lights in an attempt to stop the vehicle. Although the vehicle initially refused to stop, it eventually pulled over. *Id.* at 6-7. Both Mavin and the Southampton officer followed the vehicle into the parking lot of a furniture store. *Id.* at 7, 9.

About "thirty seconds or so" after the vehicle came to a stop, Virginia State Trooper Robert A. Hill arrived on the scene. *Id.* at 7. It was about 9:30 a.m. by this time. *Id.* at 18. Trooper Hill had been monitoring the situation on

---

[1]  Richard E. Railey, Jr., of Railey & Railey, P.C., represents the defendant. Eric D. Cooke, Assistant Commonwealth's Attorney, represents the Commonwealth.

[2]  The parties agreed to submit the preliminary hearing transcript to the Court for its consideration. *See* Suppression Hearing Transcript at 2-3, 40 (Dec. 19, 2000). The Court also conducted a supplemental evidentiary hearing on January 23, 2001. The Court's findings of fact, therefore, come from a synthesis of the evidence drawn from both hearings. "When weighing the evidence, the fact finder is not required to accept entirely either the Commonwealth's or the defendant's account of the facts, but may reject that which it finds implausible, and accept other parts which it finds to be believable." *Collado v. Commonwealth*, 33 Va. App. 356, 363, 533 S.E.2d 625, 628-29 (2000) (quoting *Pugliese v. Commonwealth*, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993) (internal quotation marks omitted)).

his radio and decided to investigate. *Id.* at 11-12. Upon arrival, Hill first spoke with Mavin and the Southampton police officer and then with Vick, the driver of the swerving vehicle. *Id.* at 12. Trooper Hill noticed that Vick's eyes were glassy, his face flush, and he smelled of alcohol. *Id.* at 13. Hill put Vick through three field sobriety tests, two of which Vick could not perform adequately. *Id.* at 14-16. At about 10:04 a.m., Trooper Hill placed Vick under arrest for driving under the influence. *Id.* at 18.

After placing Vick under arrest, Trooper Hill searched Vick and found on him marijuana and a smoking pipe. *Id.* at 18. Hill also searched Vick's vehicle and found a 9 mm handgun.[3] Hill then took Vick to the Franklin Police Department to perform the DUI breath test on an Intoxalyzer. *Id.* at 21. The test revealed a 0.14 percent alcohol level. Trooper Hill thereafter obtained warrants charging Vick with driving under the influence, illegally possessing a weapon, and possession of marijuana.

On two grounds, Vick seeks to exclude from evidence at trial the DUI certificate of analysis, the 9 mm weapon, and the marijuana. With respect to the DUI certificate, Vick argues that Trooper Hill violated state statutory law by making a warrantless arrest for a misdemeanor not committed in his presence. Concerning the 9 mm weapon and marijuana evidence,[4] Vick claims Trooper Hill offended constitutional search and seizure principles in violation of the Fourth Amendment to the U.S. Constitution. To the extent the defendant invokes constitutional guarantees arising under Article I, § 10, of the *Virginia Constitution*, the state law analysis tracks the federal law interpreting the Fourth Amendment to the U.S. Constitution. *See Henry v. Commonwealth*, 32 Va. App. 547, 551, 529 S.E.2d 796, 798 (2000).

---

[3] At the preliminary hearing, Trooper Hill appeared uncertain whether he retrieved the weapon before or after performing the sobriety tests and placing Vick under arrest for DUI, though Hill thought it "probably" occurred beforehand. Preliminary Hearing Transcript at 16 (July 25, 2000). On January 23, 2001, the Court conducted an evidentiary hearing on this discrete issue and heard testimony from Trooper Hill, Corrections Officer Mavin, and Corrections Officer Everette Turner. Finding most persuasive the recollection of Officer Turner, the Court finds as a fact that Trooper Hill searched Vick's vehicle and found the weapon after performing the field sobriety tests and after placing Vick under arrest for DUI.

[4] At the preliminary hearing, Vick objected to the admission into evidence of the marijuana found on him by Trooper Hill. *See* Preliminary Hearing Transcript at 25, 33, 37 (July 25, 2000). Vick's legal brief, however, does not address the alleged illegality of Trooper Hill's recovery of the marijuana from Vick. The Court will assume Vick continues to challenge the admissibility of the marijuana.

On the DUI certificate issue, Vick relies on Va. Code Ann. § 18.2-268.2(A) (Michie 1996), which deems a vehicle operator to have given the Commonwealth implied consent to alcohol testing "if he is arrested" on a drunk driving charge. Both the Virginia Supreme Court and the Virginia Court of Appeals have found an implicit qualifier in this statute, holding that the consent can be implied only when the driver is *validly* arrested. *See Thomas v. Town of Marion*, 226 Va. 251, 254, 308 S.E.2d 120, 122 (1983); *Durant v. City of Suffolk*, 4 Va. App. 445, 448, 358 S.E.2d 732, 734 (1987) (certificate of analysis admissible "so long as the accused has first been validly arrested"). *See also Smith v. Commonwealth*, 32 Va. App. 228, 233-34, 527 S.E.2d 456, 459 (2000); *Castillo v. Commonwealth*, 21 Va. App. 482, 486, 465 S.E.2d 146, 148 (1995). Thus, if a police officer makes an *invalid* arrest (whether in violation of the specific requirements of the implied consent law or, for that matter, any provision of the criminal procedure code), a court cannot receive into evidence the certificate of analysis showing the level of the driver's intoxication — even if the statutory violation (which renders the arrest technically invalid) does not in any way put in doubt the reliability of the alcohol test procedures or the evidentiary value of the corresponding test results.

Section 18.2-268.2(A) expressly limits the driver's implied consent to situations where "he is arrested . . . within two hours of the alleged offense." By interpolating the word "validly" into this statute (*i.e.* alcohol testing may take place when "he is [*validly*] arrested . . . within two hours of the alleged offense"), *Thomas* and *Durant* created an implied statutory suppression remedy for violations of *other* state statutes. As a general rule, however, violations of state statutory law do not trigger the state-law equivalent of the federal exclusionary rule unless the statute expressly provides for a suppression remedy. *See Janis v. Commonwealth*, 22 Va. App. 646, 651, 472 S.E.2d 649, 652, *aff'd* on reh'g *en banc*, 23 Va. App. 696, 479 S.E.2d 53 (1996).

Vick contends his DUI arrest violated Va. Code Ann. § 19.2-81 (Michie 2000), which prohibits officers from making arrests for misdemeanors not committed in their presence.[5] Vick points out that Trooper Hill arrived on the

---

[5] Violations of § 19.2-81, absent any interplay with § 18.2-268.2(A), do not themselves justify a state-law suppression remedy. *See Vinson v. Commonwealth*, 258 Va. 459, 469, 522 S.E.2d 170, 177 (1999); *Penn v. Commonwealth*, 13 Va. App. 399, 406-07, 412 S.E.2d 189, 193 (1991), *aff'd per curiam*, 244 Va. 218, 420 S.E.2d 713 (1992); *Thompson v. Commonwealth*, 10 Va. App. 117, 122, 390 S.E.2d 198, 201 (1990). This creates no small anomaly. Where an arrest violates § 19.2-81, a driver may be searched incident to the arrest and items obtained during

scene after Vick exited his vehicle,[6] and thus, Hill did not at any time personally observe Vick driving or operating his vehicle while impaired. The Commonwealth disagrees, arguing that Trooper Hill had been listening to the radio traffic reporting on Vick's reckless driving and this, coupled with what Hill learned at the scene, sufficiently placed the offense within his presence. And even if the DUI occurred outside Trooper Hill's presence, the Commonwealth continues, the arrest took place at the scene of an accident, an exception to the rigid presence misdemeanor rule. On each of these points, Vick has the better of the argument.

Under § 19.2-81, a law enforcement officer "may arrest, without a warrant, any person who commits any crime in the presence of the officer . . . ." An accused commits a crime in the presence of a law enforcement officer when the officer "has direct personal knowledge, through his sight, hearing, or other senses that it is *then and there being committed.*" *Smith v. Commonwealth,* 32 Va. App. 228, 234, n. 1, 527 S.E.2d 456, 459, n. 1 (2000) (emphasis added) (citing *Durant,* 4 Va. App. at 447, 358 S.E.2d at 733, and *Galliher v. Commonwealth,* 161 Va. 1014, 1021, 170 S.E. 734, 736 (1933)).

The presence requirement depends, in part, on a timing question: When can it be said the crime was actually *then-and-there* being committed? A "continuing violation" of law exists (and a crime thus deemed to take place within the arresting officer's presence) whenever the accused's conduct involves an ongoing offense. *See, e.g., Davis v. Commonwealth,* 17 Va. App. 666, 672, 440 S.E.2d 426, 430 (1994) (a violation of Code § 46.2-1209, which makes it a misdemeanor to leave an unattended vehicle on the side of the road constituting a hazard, should be considered a "continuing violation" for purposes of the presence requirement of § 19.2-81). Non-continuing crimes, on the other hand, have a point in time when the crime is fully consummated with any further such behavior constituting a new and distinct crime.

Driving under the influence cannot be characterized as a continuing-violation offense. The DUI statute makes it unlawful to "drive or operate" a vehicle while intoxicated. Va. Code Ann. § 18.2-266. The statute speaks in the

---

the search are admissible (*Penn*); a driver may be subjected to custodial interrogation and may give an admissible confession (*Vinson* and *Thompson*); but any certificates of analysis from alcohol tests given to the driver must be suppressed (*Thomas* and *Durant*).

6   The Commonwealth concedes this point. "[T]here's no question, no dispute, really, that when Trooper Hill got there he [Vick] was already out of the car. I don't contest that at all." Suppression Hearing Transcript at 26 (Dec. 19, 2001).

present tense. A drunk driver who parks his car in his garage ceases to "drive or operate" a vehicle once he pulls into the garage, turns the ignition off, and stumbles away from the car. For a DUI to be committed in the *then-and-there* presence of an arresting officer, the officer must either see or hear the accused actually driving or operating the vehicle. *Cf. Davis*, 17 Va. App. at 672, 440 S.E.2d at 430 ("The offense of operating a motor vehicle on a suspended license ended when the appellant stopped driving the car and did not continue thereafter. Although the trooper developed evidence of the commission of that offense, no part of the offense was committed in his presence. Therefore, he lacked authority to arrest the appellant on that charge without a warrant.").

In addition, the presence requirement focuses only on the specific arresting officer. No "police team" approach can be used to combine various officers' collective perceptions for purposes of an aggregate presence. *Penn v. Commonwealth*, 13 Va. App. 399, 402-06, 412 S.E.2d 189, 190-93 (1991), *aff'd per curiam*, 244 Va. 218, 420 S.E.2d 713 (1992). A misdemeanor committed in one officer's presence, therefore, cannot be "imputed" to another officer (who actually makes the arrest) simply by relaying to him the relevant information. *Smith*, 32 Va. App. at 234, n. 1, 527 S.E.2d at 459, n. 1.

Applied to this case, these principles frame the question narrowly. Did Trooper Hill personally see or hear Vick drive or operate his vehicle under the influence? The answer to that question must be no. Trooper Hill never once saw Vick driving or operating a vehicle. The radio traffic from the non-arresting officers describing Vick's erratic driving did not give Trooper Hill a virtual presence. Trooper Hill first arrived on the scene after Vick had exited his vehicle. True, Vick may have been drunk at that time. But he was not, at that time, driving or operating a vehicle. It matters not that Trooper Hill could reasonably infer that Vick had been driving or operating the vehicle. Of course he had been. The issue is not whether Hill had probable cause to arrest Vick for driving under the influence (sufficient to satisfy the Fourth Amendment), but whether Vick committed that crime in Trooper Hill's presence (sufficient to satisfy Va. Code Ann. § 19.2-81).

The Court finds equally unpersuasive the Commonwealth's argument that the arrest fits within the accident-scene exception, which provides that an officer may make a warrantless arrest of a suspect at the "scene of any accident involving a motor vehicle" if the officer has "reasonable grounds to believe" (whether based on personal observations or reliable hearsay) that a misdemeanor has been committed. Va. Code Ann. § 19.2-81. The term "accident" means "an event occurring by chance or from unknown causes" or "an unfortunate event" involving the vehicle. *Leveroni v. County of Arlington*, 18 Va. App. 626, 627, 445 S.E.2d 723, 724 (1994) (quoting *Smith v.*

*Commonwealth*, 8 Va. App. 109, 114, 379 S.E.2d 374, 377 (1989)). An accident, however, need not be limited to collisions. *Id.*

For purposes of § 19.2-81, an accident may involve a vehicle running into a sign twenty-five feet off the side of the road, *Leveroni*, 18 Va. App. at 627, 445 S.E.2d at 724-25, or hitting twice a street sign and coming to a stop 100 yards away, *Smith*, 32 Va. App. at 231, 527 S.E.2d at 458, or going off the side of the road and becoming "mired in mud up to its axles," *Ferrufino v. Commonwealth*, 1999 WL 1134686, No. 1930-98-4 (Va. App. 1999) (unpublished). Even so, the arrest must take place at the scene of the accident. *See Thomas v. Town of Marion*, 226 Va. 251, 254-55, 308 S.E.2d 120, 122 (1983) (continuing investigation at the hospital was not within the accident scene).

Trooper Hill did not arrive at an accident scene within the meaning of § 19.2-81. The vehicle had come to a complete stop in a furniture store parking lot. Vick had not run the car off the road, struck a highway sign, disabled the vehicle in mud, or had an *accident* as that term is commonly understood. As far as we can tell, the vehicle was no different after Vick drove it than before. No event occurred "by chance or from unknown causes," *Leveroni*, 18 Va. App. at 627, 445 S.E.2d at 724, at least not one that would fit within the ordinary meaning of the term accident. And no reasonable temporal or lineal criteria suggest that the fact pattern fits within the *res gestae* doctrine, which treats as one event two subevents closely connected in time, place, and causal connection. *Smith*, 32 Va. App. at 236-38, 527 S.E.2d at 460-61 (citation omitted).

The only arguable accident, if it can be called that, occurred about three miles back when Vick's vehicle knocked over a couple of rubber safety cones. Vick's vehicle, however, did not appear to slow down or stop as a result of striking the cones. Vick apparently kept driving as if nothing had happened. Once Vick's vehicle had been parked in the furniture store parking lot, no accident scene then existed. To stretch the phrase "accident scene" to cover this situation would give the words a definitional elasticity they simply cannot bear. No one employing the ordinary meaning of the words would have described Vick's parked car as the scene of an accident.

Because Vick did not commit the offense in Trooper Hill's presence and the accident-scene exception does not apply, Vick's DUI arrest by Trooper Hill violated Va. Code Ann. § 19.2-81. Under *Thomas* and *Durant*, this violation requires the Court to exclude from evidence the DUI certificate of analysis. On this ground, the Court grants in part Vick's motion to suppress.

Vick also asserts that Trooper Hill violated Vick's rights by seizing the 9 mm handgun from Vick's vehicle and the marijuana directly from Vick. These

searches were not incident to a lawful arrest, it could be argued, because Trooper Hill had no legal authority to make a warrantless arrest of Vick for an alleged DUI not committed in Hill's presence. A violation of state arrest law, however, does not require the exclusion of evidence absent a freestanding constitutional violation. *See Vinson v. Commonwealth*, 258 Va. 459, 469, 522 S.E.2d 170, 177 (1999) (a breach of § 19.2-81 is not itself a constitutional violation); *Penn v. Commonwealth*, 13 Va. App. 399, 407, 412 S.E.2d 189, 193 (1991), *aff'd per curiam*, 244 Va. 218, 420 S.E.2d 713 (1992); *see also Thompson v. Commonwealth*, 10 Va. App. 117, 121, 390 S.E.2d 198, 200-01 (1990) (confession obtained during period of statutorily invalid arrest not subject to exclusion when accused constitutionally in custody and confessed voluntarily).

There being no suppression warranted under state law, neither can one be found under Fourth Amendment principles. Trooper Hill had authority to search Vick incident to a custodial arrest even if Hill did not suspect that Vick was armed or was concealing evidence. *See United States v. Robinson*, 414 U.S. 218, 235-36 (1973) ("It is the fact of the lawful arrest which establishes the authority to search, and we hold that in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment."); *see also Gustafson v. Florida*, 414 U.S. 260, 263-66 (1973). In addition, Trooper Hill could seize contraband found during the search even though the evidence did not relate to the crime giving rise to the arrest. *See Harris v. United States*, 331 U.S. 145, 155 (1947) ("Nothing in the decisions of this Court gives support to the suggestion that under such circumstances the law enforcement officials must impotently stand aside and refrain from seizing such contraband material.").

The search of Vick's vehicle also constituted a valid search incident to an arrest. The only prerequisites to a search of an automobile incident to arrest are "that the search is contemporaneous with the arrest and the arrestee is a recent occupant of the vehicle." *Cason v. Commonwealth*, 32 Va. App. 728, 736, 530 S.E.2d 920, 924 (2000); *see also Armstrong v. Commonwealth*, 29 Va. App. 102, 112-13, 510 S.E.2d 247, 252 (1999); *Glasco v. Commonwealth*, 26 Va. App. 763, 773, 497 S.E.2d 150, 154 (1998), *aff'd*, 257 Va. 433, 513 S.E.2d 137 (1999). Here, both such requirements were met.

Given the Court's ruling, it need not address the Commonwealth's alternative arguments that (i) the recovery of the 9 mm weapon can be justified as an inventory search of Vick's vehicle, and (ii) Trooper Hill had probable cause to search the vehicle for evidence of Vick's culpability for carrying a concealed weapon without a permit.

A final observation should be made concerning the 9 mm handgun. As noted earlier, the evidence persuades the Court that Trooper Hill conducted the vehicle search and discovered the 9 mm handgun after the field sobriety tests and the arrest of Vick for DUI. *See supra.* But even if the search preceded the arrest, as Vick contends, this fact would not undermine the legitimacy of the search. Trooper Hill had ample probable cause to arrest Vick based upon his erratic driving, his refusal to stop when initially directed to do so, his glassy eyes and flush face, as well as the conspicuous smell of alcohol on his breath. Probable cause for a DUI charge can be established without formal field sobriety tests. No doubt these tests contribute greatly to the analysis, but they are by no means necessary preconditions to a finding of probable cause.

Probable cause, "as the very name implies, deals with probabilities. These are not technical; they are the factual and practical considerations in every day life on which reasonable and prudent men, not legal technicians, act." *Derr v. Commonwealth*, 242 Va. 413, 421, 410 S.E.2d 662, 666 (1991) (citation omitted). "Probable cause exists when the facts and circumstances within the arresting officer's knowledge and of which he has reasonable trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense had been or is being committed." *Id.* Probable cause is a "flexible, common-sense standard," one that does not "demand any showing that such a belief be correct or more likely true than false." *Texas v. Brown*, 460 U.S. 730, 742 (1983) (citations and internal quotation marks omitted).

If probable cause exists at the time of the search, an arrest need not precede the search so long as the arrest follows "quickly on the heels" of the challenged search. *Parker v. Commonwealth*, 255 Va. 96, 105-06, 496 S.E.2d 47, 53 (1998) (quoting *Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980)); *Lansdown v. Commonwealth*, 226 Va. 204, 214, 308 S.E.2d 106, 112 (1983); *Farmer v. Commonwealth*, 21 Va. App. 111, 116, 462 S.E.2d 564, 566 (1995); *Poindexter v. Commonwealth*, 16 Va. App. 730, 733, 432 S.E.2d 527, 529 (1993); *Carter v. Commonwealth*, 9 Va. App. 310, 312, 387 S.E.2d 505, 506-07 (1990). In this case, therefore, Trooper Hill's recovery of the 9 mm weapon offended no constitutional principles even if he recovered it shortly before placing Vick under arrest.

In sum, the Court grants Vick's motion to exclude the certificate of analysis issued pursuant to the implied consent law. Trooper Hill violated Va. Code Ann. § 19.2-81 by arresting Vick for a misdemeanor not committed in Hill's presence. In conformity with *Thomas* and *Durant*, the Court must suppress the certificate irrespective of its evidentiary value.

On the DUI charge, Vick's suppression argument addresses only the admissibility of the certificate of analysis. *See* Defendant's Brief in Support of Motion to Suppress at 1, 4-6, 12 (Jan. 24, 2001). The Court has not been asked by Vick to suppress any evidence other than the certificate itself. *See generally Tipton v. Commonwealth*, 18 Va. App. 370, 372, 444 S.E.2d 1, 2 (1994) (the test results may be admissible through expert testimony, though not in support of the statutory presumptions); *see also Felts v. Commonwealth*, 1999 WL 1133345, No. 1997-98-3 (Va. App. 1999) (unpublished).

The Court, however, denies Vick's request to suppress the evidence of marijuana and the 9 mm handgun. Trooper Hill was well within his authority in seizing these items. It is so ordered.