400

## CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

Antonette Justin Mullins

March 25, 2002

Case No. CR01-1719

BY JUDGE ROBERT P. DOHERTY, JR.

Vice detectives, who had previously arrested Defendant for drug and prostitution charges and who knew that her operator's license was suspended, followed her when they saw her driving a car. The Defendant pulled to the side of the road without having been given a signal to stop, presumably because she recognized one of the officers. The two vice detectives approached, displayed their badges, and asked the Defendant and her two passengers to exit the vehicle. Either at that time or shortly after asking the Defendant for identification to verify her driver's license status, one of the detectives observed two purses sitting in the back seat of the stopped vehicle. When asked whose purses they were, the Defendant and both passengers denied ownership so the detectives seized the purse as abandoned property and searched them. After Defendant's identification and illegal drugs were found in one of the purses, the Defendant admitted that it belonged to her. She now argues that the search and seizure of her purse and its contents was unconstitutional. The Commonwealth claims that the purse was abandoned property, in plain view, and that either no permission was needed to search it or that the Defendant acquiesced or consented to the search because she did not object to its seizure after she abandoned it. They also contend that the Defendant lacks standing to object to the seizure of the purse because she denied any ownership interest in it. The court finds in favor of the Defendant.

A search of any individual's private property by agents of the government is presumed to be unreasonable, and thus unconstitutional, unless it falls

within one of the narrow exceptions to this general rule. See *Terry v. Ohio*, 392 U.S. 1 (1968). The Commonwealth argues that the search and ultimate seizure of the purse was valid because it fit within one or all of the following exceptions allowing warrantless searches, to wit consent search, search incident to arrest, stop and frisk, the plain view doctrine, exigent circumstances, and abandoned property.

Upon a factual review, the Court finds that the detectives neither asked for nor were given consent of any sort to search the vehicle or the purses found in it and, therefore, the question of a consent search is not implicated in this case. The Court further finds that an arrest had not occurred so this cannot be classified as a search incident to arrest. The detectives did not frisk the three occupants of the car for weapons, nor did they indicate that they were fearful for their safety. Accordingly, this was not a protective search as contemplated by *Terry v. Ohio*. Insofar as the plain view doctrine is concerned, it only applies when the items observed are such that their "incriminating character . . . [is] immediately apparent. . . ." *Harris v. Commonwealth*, 241, Va. 146, 153 (1991). Here, there was nothing about the seized purses that would cause a reasonable person to believe that they contained contraband or that they were evidence of any crime, and thus the plain view doctrine and the concept of exigent circumstances based on probable cause had no application to these facts.

The final argument of the Commonwealth involves their characterization of the Defendant's purse as abandoned property. They argue that, when the Defendant denied ownership of her purse, she abandoned it and any expectation of privacy she may have had in its contents and she lost her standing to object to the search. That is an accurate summary of the law regarding the search and seizure of abandoned property in areas accessible to the public. See *Commonwealth v. Holloway*, 9 Va. App. 11, 18 (1989). The fallacy of that argument insofar as this case is concerned is that the interior of the automobile driven by the Defendant was not accessible to the public. It was instead a constitutionally protected area in which the Defendant maintained a reasonable expectation of privacy. See *Josephs v. Commonwealth*, 10 Va. App. 87, 96 (1990). In order to seize the purse, the detectives needed a lawful right to enter the vehicle, but as determined above they had none. Although this is case of first impression in Virginia, a parallel can be drawn between the facts of this case and those in the "garbage can" cases where the courts have held that trash placed in a garbage container was in fact abandoned property but not subject to search and seizure while it remained within a curtilage protected by Fourth Amendment privacy rights. See *California v. Greenwood*, 486 U.S. 35, 39-45 (1988), and *Commonwealth v. Marsalisi*, 18 Va. Cir. 294 (1989). The only difference between those cases

402

and the case at bar is that we are substituting the interior or an automobile as an area protected by the Fourth Amendment rights of privacy. The legal principles are the same.

Accordingly, the Court finds that the Defendant's purse and its contents were seized in violation of the Fourth Amendment to the United States Constitution. The suppression motion will be granted as to the seized items and as to the statements made by the Defendant in reference to them.