# CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

 v.

Jermaine Vidal Niblett

December 27, 2002

Case No. CR02-1372

BY JUDGE CHARLES N. DORSEY

This matter is before the Court on the defendant's motion to suppress certain evidence arising from a search. The defendant was in the Kroger grocery at Towers Shopping Center. Previously a drug dog had alerted on an automobile in the parking lot of Kroger. The officer was "moonlighting" at Kroger in full uniform. The officer saw the defendant enter the store but did not see the defendant enter or leave the automobile in question. The defendant matched a physical description which was provided to the officer from persons who supposedly had observed the defendant leave the automobile. The officer approached the defendant on the premises of Kroger while the defendant was otherwise behaving lawfully. The defendant did not flee nor otherwise seek to obstruct the officer. The defendant voluntarily pulled certain items out of his pocket including a plastic bag with a corner missing. The officer believed, based on his years of experience and service on the DEA Task Force, that the corner was often used to package crack cocaine and gave him probable cause to search. The search resulted in his finding a plastic baggie in the front watch pocket of the defendant's shorts which contained crack cocaine. The officer testified that he believed there was probable cause to search but he did not believe he had probable cause to arrest the defendant at that stage. The officer also testified with extraordinary candor that the search of the defendant was not for weapons, was not for any purpose of the officer's safety, was not pursuant to a search warrant, and was without the consent of the defendant. The search was also prior to an arrest and was also without advising the

defendant of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966).

The defendant, of course, urges that the fruits of the search be suppressed, primarily due to the fact that the search was prior to, rather than incident to, arrest. The Commonwealth urges that, so long as the search was "reasonable," it is permissible and further argues *Farmer v. Commonwealth*, 21 Va. App. 111, 462 S.E.2d 564 (1995), and *Minnesota v. Dickerson*, 508 U.S. 366, 124 L. Ed. 2d 334, 113 S. Ct. 2130 (1993), as authority for the proposition that the search was permissible.

The Fourth Amendment to the United States Constitution, of course, prohibits "unreasonable searches and seizures." Virginia Code § 19.2-59 is the state statutory enactment of the same principle. It is axiomatic that searches and seizures "conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment — subject only to a few specifically established and well delineated exceptions." *Minnesota v. Dickerson, supra*, quoting *Thompson v. Louisiana*, 469 U.S. 17, 83 L. Ed. 2d 246, 105 S. Ct. 409 (1984).

The most commonly used exception for a search without a warrant is a search conducted incident to a lawful custodial arrest based, of course, on probable cause to believe the individual arrested has committed a crime. *Hayes v. Commonwealth*, 29 Va. App. 647, 514 S.E.2d 357 (1999). As mentioned, in the instant case, the officer quite candidly testified that he believed there was probable cause to search but not probable cause to arrest. Regardless of his belief and good intent, however, "subjective intentions play no role in the ordinary, probable-cause Fourth Amendment analysis." *Whren v. United States*, 517 U.S. 806, 135 L. Ed. 2d 89, 116 S. Ct. 1769 (1996). Objectively, however, I find that the officer was correct that there was not probable cause to arrest at the time that he approached the defendant. "Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another or to search the premises where the person may happen to be." *Hayes, supra*. There was no such particularized probable cause here.

The defendant makes much of the fact that the search occurred prior to arrest. The Commonwealth properly cites *Farmer* which in turn cites *Rawlings v. Kentucky*, 448 U.S. 98, 65 L. Ed. 2d 633, 100 S. Ct. 2556 (1980), for the proposition that it is not particularly important that the search preceded the arrest when the formal arrest follows quickly on the heels of the challenged search. Consequently, the concession by the witness and the finding by the

Court that there was no probable cause to arrest at the time that the officer approached the defendant is significant since, had there been probable cause to arrest, the search arguably could be justified as being a search incident to arrest though occurring prior to arrest. As was stated in *Hayes*, if there were probable cause to believe the defendant had on his person the evidence, fruits, or instrumentalities of crime, it would be an unusual case in which there was not also probable cause to believe that he was a participant in the criminal activity so that he could be arrested and searched incident to arrest rather than first obtaining a search warrant for his person.

In the instant case, the connection between the defendant and a motor vehicle, concededly not his, but from which he had recently exited, upon which a drug dog had alerted, clearly leads to suspicion of the defendant. Such suspicion, without more, does not provide probable cause for a personal search in the absence of a prior judicial determination of probable cause to search. *Hayes, supra*. Voluntary questioning was permitted, as was a "Terry" stop, with a protective search for weapons. *Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1993). The officer's actions here, however, exceeded that limited scope. Justice Scalia, concurring in *Dickerson*, wrote "I am unaware . . . . of any precedent for a physical search of a person . . . temporarily detained for questioning." As mentioned previously, the *Farmer* case, urged by the Commonwealth, is actually a "search incident to arrest" case which, for the reasons previously enumerated, does not apply here.

The instant case is much closer to the reported cases of *Morris v. Commonwealth*, 208 Va. 331, 157 S.E.2d 191 (1967), and *Commonwealth v. Briscoe*, 2001 Va. Cir. LEXIS 382 (Fairfax County 2001) (Smith, J.). In *Morris*, while a suspect in a murder investigation, the defendant was admitted to a private room in a hospital, had his clothes removed from the wardrobe in his room by a registered nurse at the request of a deputy sheriff, while he (the patient/defendant) was asleep and under sedation. In holding those clothes not admissible in evidence, the Supreme Court of Virginia noted that a lawful search and seizure of personal effects without a search warrant could be made only incident to a valid arrest or in exceptional circumstances and the burden is on the prosecution to show justification for such seizure. In *Morris*, the defendant did not consent; nor was there evidence that the articles seized were about to be removed from the premises; nor was there evidence that the nurse had authority to consent; nor was there evidence that the search was incident to arrest. *Cf., Craft v. Commonwealth*, 221 Va. 258, 269 S.E.2d 797 (1980) (finding seizure of bullet and clothing during an investigation of attempted robbery, provided to the police by a surgeon, when the defendant had consented to medical treatment while in the emergency room with little or no

expectation of privacy, did not violate the warrant requirement). *See also, Commonwealth v. Mullins,* 58 Va. Cir. 400, 2002 Va. Cir. LEXIS 157 (2002) (invalidating a warrantless search of a purse.)

In the *Briscoe* case, an officer observed suspicious behavior by the defendant at a cash register in a store including the fact that the defendant removed certain checks and identification from her purse while at the register. The court found that the defendant could be detained for a reasonable period while an investigation was conducted by questioning. The court found, however, that searching the defendant's purse at the same time presented "a different issue entirely." The court further found that even though the defendant had taken items out of her purse, she then placed them back in her purse and at that stage reasserted her expectation of privacy. Consequently, the officer was not permitted to enter the defendant's purse to further examine the checks and identification in an effort to gain additional incriminating information. In that case, as in this, the officer did not contend that the facts gave him probable cause to arrest and the court specifically found that, while the officer observed suspicious conduct, he did not have probable cause to believe that a crime had occurred and his search of the defendant's purse was constitutionally infirm. The court went on to find that, even if the officer had probable cause to search the defendant's purse, there was no basis for a warrantless search. The same is true in this case. There being no probable cause to believe that a crime had occurred, I find that the officer's search of the defendant was constitutionally infirm and, alternatively, even if he did have probable cause to search, there was no basis for a warrantless search. Consequently, the evidence seized from the defendant must be suppressed. As requested by the Commonwealth, this suppression does not pertain to the result of any search of the automobile, which issue is not before me.