COURT OF APPEALS OF VIRGINIA

Present:  Judges McClanahan, Haley and Beales
Argued at Salem, Virginia


HENRY RAY DUNCAN, JR., S/K/A
    HENRY RAY DUNCAN, II                         OPINION BY
                                                 JUDGE RANDOLPH A. BEALES
v.       Record No. 2397-08-3                    NOVEMBER 17, 2009

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                          Charles J. Strauss, Judge

            J. Patterson Rogers, 3rd, for appellant.

            Kathleen B. Martin, Senior Assistant Attorney General (William C.
            Mims, Attorney General, on brief), for appellee.


        Henry Ray Duncan, Jr., (appellant) was convicted of possession of cocaine with the intent

to distribute and possession of a firearm while possessing cocaine.[1]  On appeal, he argues that

the trial court erred in denying his motion to suppress all the evidence collected during a search

of the Ford Ranger that he was driving.  We find the trial court did not err, and, thus, we affirm

his convictions.

                                    BACKGROUND

        Deputy Sheriff Scott Wyatt was patrolling the roads in Pittsylvania County when he saw,

and heard, a Ford Ranger being driven down the road in the opposite direction.  Based on the

sound coming from the vehicle, Deputy Wyatt believed the driver was operating the Ranger

without a muffler.  The deputy turned his patrol car around, found the Ranger, and stopped it.

---

        [1] Appellant was also convicted of operating a motor vehicle on a revoked or suspended
license.  However, the issue raised in this appeal does not address that conviction.

The driver, appellant, stopped the truck by the side of the road, in front of a business, where the vehicle would not impede traffic.[2]

Appellant, who appeared nervous to the deputy, was the only person in the Ranger. He gave the deputy his social security number rather than a driver's license, and the deputy then discovered that appellant's license was suspended. Deputy Wyatt began talking to appellant and asked if he knew that his license was suspended. During this conversation, Deputy Wyatt asked appellant if he had any drugs or weapons in the Ranger. Appellant said no. Deputy Wyatt then asked for permission to search the vehicle, and appellant again said no. At this point, Deputy Wyatt advised appellant that he was going to have the Ranger towed "due to his driver's license status, where we were at" and asked appellant "if there was anything in the vehicle [that] wasn't supposed to be there." Appellant responded that "he thought there may be a gun underneath the driver's seat."[3]

The deputy asked appellant to get out of the Ranger. As appellant was getting out, Deputy Wyatt asked "if he had any weapons on him," and appellant "said that he had a knife in his left pants pocket." Deputy Wyatt told appellant to put his hands on the top of the Ranger after he got out of the vehicle. The deputy then reached into appellant's left pocket to remove the knife, but instead he pulled out "a block of white substance," which proved to be cocaine.

Deputy Wyatt arrested and handcuffed appellant and put him into the back seat of the patrol car. The deputy then proceeded to search the Ranger, where he discovered a firearm under the driver's seat. He also found a digital scale with cocaine residue on it, two boxes of sandwich bags, and a hundred-gram weight used to calibrate digital scales.

---

[2] Although the witnesses disagreed about exactly where the Ranger was parked, the trial court found that the parked vehicle was not impeding traffic.

[3] During the suppression hearing, appellant testified that the gun belonged to his mother, who owned the truck.

Prior to trial, appellant filed a motion to suppress the evidence collected during Wyatt's search of the car. He conceded that Deputy Wyatt had a legitimate reason to stop the Ranger, but claimed the officer should have issued him a summons and then let him go. Appellant argued that once the deputy asked appellant to get out of the car and said he was going to impound the Ranger, appellant was no longer free to leave. He claimed that towing the Ranger was "used by the officer to get the defendant out of the vehicle and allow the officer to search over and above the express denial," calling it a "fishing expedition" or "pretext."

The prosecutor argued that the Ranger could be towed because "the defendant can't drive it." The prosecutor claimed that the deputy had authority during the traffic stop to ask appellant to get out of the truck and that appellant's statement that there was a gun in the Ranger gave the deputy probable cause to search the truck.

The trial court found, "[T]he only reason the officer had this [truck] towed was to search it . . . ." The court also found the Ranger was not "in any way a problem" where it was stopped. In addition, the trial court said that it was "not real happy about how the police handled the case." However, the court concluded that appellant's Fourth Amendment rights were not violated and denied appellant's motion to suppress.

Appellant then entered conditional guilty pleas and was convicted of possession of cocaine with intent to distribute, possession of a firearm while possessing cocaine, and operating a motor vehicle while driving on a suspended license. He now appeals the two possession convictions.

ANALYSIS

Appellant makes two arguments: (1) because the decision to tow the Ranger was pretext, Deputy Wyatt's search was not permitted under the inventory search exception to the Fourth

Amendment's warrant requirement[4] and (2) because appellant was already arrested and in the patrol car, the deputy's search was not valid under Arizona v. Gant, 129 S. Ct. 1710 (2009). Both of these arguments ignore the alternative justification for Deputy Wyatt's search presented by the Commonwealth – that the deputy had probable cause to enter the vehicle and search for a concealed weapon.

Under the Fourth Amendment, officers cannot search a place without a warrant unless *one* of several delineated exceptions to this warrant requirement apply. Flippo v. West Virginia, 528 U.S. 11, 14 (1999) ("A warrantless search by the police is invalid unless it falls within one of the narrow and well-delineated exceptions to the warrant requirement . . . ." (citing Katz v. United States, 389 U.S. 347, 357 (1967))). Therefore, even assuming without deciding that appellant is correct that Deputy Wyatt's search was not justified under either the exception for an inventory search or the exception for a search incident to an arrest, the search here was conducted in a manner consistent with Fourth Amendment principles if the deputy conducted the search pursuant to the automobile exception to the warrant requirement.

As the United States Supreme Court has explained, if an officer stops a vehicle and has probable cause to believe that the vehicle contains evidence of a crime, then a warrantless search of that vehicle is permissible under the automobile exception. Maryland v. Dyson, 527 U.S. 465, 466-67 (1999) (citing Pennsylvania v. Labron, 518 U.S. 938 (1996); California v. Carney, 471 U.S. 386 (1985); United States v. Ross, 456 U.S. 798 (1982); and Carroll v. United States, 267 U.S. 132 (1925)). Here, before getting out of the vehicle, appellant told Deputy Wyatt that he

---

[4] Appellant does not argue that Deputy Wyatt violated the Constitution by simply *telling* appellant that he would do an inventory search. Cf. Frazier v. Cupp, 394 U.S. 731, 739 (1969) (holding that falsely informing a suspect that his co-conspirator had already confessed did not render the suspect's confession involuntary); Lucero v. Kerby, 133 F.3d 1299, 1311 (10th Cir. 1998) (finding that a suspect's confession was voluntary where an officer lied and said that the suspect's fingerprint was found at the crime scene).

believed there was a firearm under the driver's seat. Appellant then also told the deputy, as appellant was getting out of the vehicle, that he had a knife in his pocket. When Deputy Wyatt reached into appellant's pocket, instead of pulling out a knife, he retrieved an item that appeared to be cocaine.[5] At this point, Deputy Wyatt had probable cause to believe, at minimum, that the vehicle contained a concealed weapon directly under the seat in which appellant had been sitting. Thus, the deputy did not violate the Fourth Amendment when he conducted the search of the Ranger.

Appellant also argues that, under Gant, 129 S. Ct. 1710, Deputy Wyatt could not search the Ranger because appellant was "secured" in a police car before the deputy began the search. We find appellant is misinterpreting the holding in Gant.

Gant was driving while his license was suspended, as was appellant here. Id. at 1715. However, at this point, the significant facts in Gant's situation and appellant's situation differ greatly. When the police arrested Gant, handcuffed him, and placed him in the back of a patrol car, id., Gant made no statements regarding anything that the police might find in his car, and the police had no other information suggesting that evidence of a crime would be found in the vehicle. Thus, the United States Supreme Court concluded, "Because [the] police could not reasonably have believed either that Gant could have accessed his car at the time of the search or

_____

[5] In his questions presented, appellant contended that the deputy's "search of Appellant's person" was unconstitutional. However, in his brief and in argument before this Court, appellant has failed to advance this argument beyond general quotations of hornbook law regarding searches. As he has failed to develop this argument based on the case here, we do not consider this issue on appeal. See Rule 5A:20(e). In addition, as the officer had probable cause to search the vehicle for a concealed weapon based on appellant's statement that he believed a gun was under the driver's seat, and as that statement was made prior to any search, Deputy Wyatt also had probable cause to arrest appellant based on that same statement – as well as appellant's statement that he had a knife in his pocket and the fact that appellant was driving on a suspended license – all of which justified the deputy's action of reaching into appellant's pocket under the exception for a search incident to an arrest. See Virginia v. Moore, 128 S. Ct. 1598 (2008); Parker v. Commonwealth, 255 Va. 96, 105-06, 496 S.E.2d 46, 53 (1998).

that evidence of the offense for which he was arrested might have been found therein, the search in this case was unreasonable." Id. at 1719.

On the other hand, appellant, while he was still sitting in the Ranger, told Deputy Wyatt that there was a firearm under his seat. Therefore, unlike the officers in Gant, the deputy here had additional information regarding the vehicle, independent of the status of appellant's license. This statement provided the deputy with probable cause to search the Ranger for evidence that appellant was in possession of a concealed weapon. See Dyson, 527 U.S. at 466-67.

The Supreme Court specifically pointed out in Gant that, if an officer has probable cause to believe that a vehicle contains evidence of a crime, then the officer may search that vehicle without a warrant. Gant, 129 S. Ct. at 1721. The search of Gant's vehicle was not supported by probable cause and, therefore, was in violation of the Fourth Amendment. Here, however, as Deputy Wyatt had probable cause for his search of the Ranger, the fact that appellant's truck was searched as he sat in the back of the patrol car did not invalidate the search under Gant.

CONCLUSION

We find the trial court did not err in denying appellant's motion to suppress, and, thus, we affirm his convictions.

Affirmed.