COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Petty and Senior Judge Bumgardner
Argued at Chesapeake, Virginia

UNPUBLISHED

MATTIE MAE WOODBERRY

MEMORANDUM OPINION[*] BY
v.      Record No. 2137-13-1                 JUDGE ROBERT P. FRANK
                                             SEPTEMBER 16, 2014

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

Amanda E. Burks (Amanda E. Burks, P.C., on brief), for appellant.

Rosemary V. Bourne, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Mattie Mae Woodberry, appellant, was convicted, in a bench trial, of possession of a

firearm as a convicted felon, in violation of Code § 18.2-308.2, and brandishing a firearm, in

violation of Code § 18.2-282. On appeal, she contends the trial court erred in denying her

motion to suppress. Specifically, she asserts there was no probable cause to search her vehicle,

because police relied on unverified dispatch information. She further asserts that police had no

probable cause to search the trunk of her vehicle, that the police were required to obtain a search

warrant, and that the trial court misapplied Arizona v. Gant, 556 U.S. 332 (2009). Finding no

error, we affirm.

BACKGROUND

On appeal, we review the evidence in the light most favorable to the Commonwealth, the

party prevailing at trial. Beasley v. Commonwealth, 60 Va. App. 381, 391, 728 S.E.2d 499, 504

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(2012).  So viewed, the evidence shows that on February 13, 2012, Norfolk Police Officer Tolson responded to a convenience store, due to a report from dispatch that a black female had threatened one of the store employees with a handgun in the parking lot.  As Tolson was en route to the call, dispatch gave an update that the female who was waving the firearm had gotten into a white, four-door vehicle with a black cover over the front and the license plate "TRENJOE."

When Officer Tolson arrived at the store, he noticed that the suspect had already left the scene.  Tolson went inside the store to speak with employees.  He also reviewed video footage of the incident.  Tolson then repeated the description of the suspect over his police radio.

Meanwhile, Office Warner was working less than 300 yards from the convenience store when he heard the dispatch report of a black female who had waved a gun in the air during a verbal altercation in the parking lot of the convenience store and was fleeing the scene in a white vehicle bearing the license tag "TRENJOE."  Warner responded to the scene and saw the suspect's vehicle leaving the back of the convenience store.  Within ten minutes of hearing the initial report from dispatch, Officer Warner came into contact with the vehicle, confirmed the license plate, and initiated a felony traffic stop.  Appellant was in the driver's seat.  There were two other females and a young child in the vehicle.  Officer Warner removed all occupants from the vehicle and placed them in investigative detention.

Officer Tolson relayed to Warner what he had seen on video surveillance and confirmed that the vehicle stopped bore the license number and description of the vehicle involved in the altercation.  Officer Warner then searched the inside of appellant's vehicle.  Nothing was found in the passenger compartment, so Warner searched the vehicle's trunk and found a handgun. Officer Tolson escorted appellant to the police station.  After she was charged and notified of her Miranda[1] rights, appellant elected to give a statement.

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

Appellant moved to suppress all evidence. The trial court denied the motion to suppress, explaining that there was probable cause to stop appellant's vehicle and that it was reasonable for Officer Warner to search the trunk after he did not find a gun in the passenger compartment.

This appeal follows.

## ANALYSIS

Appellant argues that her motion to suppress should have been granted, because the search of her vehicle, relying solely on unverified information from dispatch, violated the Fourth Amendment.[2]

Appellant argues that Officer Warner lacked probable cause or exigent circumstances to justify searching the vehicle based on unverified dispatch information.

When reviewing a trial court's denial of a motion to suppress, "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*) (quoting Ornelas v. United States, 517 U.S. 690, 699 (1996)). The burden is on the appellant to show that the denial of her suppression motion, when the evidence is considered in the light most favorable to the Commonwealth, was reversible error. McCain v. Commonwealth, 261 Va. 483, 489-90, 545 S.E.2d 541, 545 (2001). "'Ultimate questions of reasonable suspicion and probable cause to make a warrantless search'" involve questions of both law and fact and are reviewed *de novo* on appeal. McGee, 25 Va. App. at 198, 487 S.E.2d at 261 (quoting Ornelas, 517 U.S. at 691).

Whether the Fourth Amendment has been violated is a question to be determined from all the circumstances. McCain v. Commonwealth, 275 Va. 546, 552, 659 S.E.2d 512, 516 (2008).

---

[2] At oral argument, appellant withdrew her argument as to the stop of her vehicle.

In determining whether probable cause existed to conduct a warrantless search, "the test of constitutional validity is whether at the moment of arrest the arresting officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed." DePriest v. Commonwealth, 4 Va. App. 577, 583-84, 359 S.E.2d 540, 543 (1987) (quoting Bryson v. Commonwealth, 211 Va. 85, 86-87, 175 S.E.2d 248, 250 (1970)). Review of the existence of probable cause or reasonable suspicion involves application of an objective rather than a subjective standard. Terry v. Ohio, 392 U.S. 1, 21-22 (1968).

However, the search of appellant's vehicle was not based on an unverified dispatch. In reality, officers confirmed the information before searching the vehicle. In this case, the evidence, when viewed in the light most favorable to the Commonwealth, demonstrates that Officer Warner searched appellant's vehicle after receiving confirmation from Officer Tolson that it was the same person and vehicle shown on surveillance video brandishing a firearm.[3] Officer Warner had sufficient information to warrant a reasonable belief that one of the occupants of the vehicle had recently brandished a gun at the convenience store. The car matched exactly the description of the vehicle in which the suspect was seen fleeing from the convenience store within minutes of the dispatch. Additionally, all of the occupants of the vehicle (with the exception of the child) matched the general description of the suspect. When a search of the car's passenger compartment did not produce the firearm, there was a fair probability that the gun used only minutes earlier was in the trunk.

Appellant attempts to compare these facts to those in Ramey v. Commonwealth, 35 Va. App. 624, 547 S.E.2d 519 (2001). However, Ramey is easily distinguishable. In that case, police received an anonymous tip regarding a black male who was "somehow involved" in a

---

[3] While there was some conflict in the testimony of the officers, Officer Warner unequivocally testified that Officer Tolson confirmed probable cause prior to the search.

fatal gang shooting the previous day. Id. at 627, 547 S.E.2d at 521. Police had no information as to the source of knowledge and no indication of the tip's reliability. Id. at 632, 547 S.E.2d at 523. Further, there were no exigent circumstances, "where there is a compelling need for immediate official action and a risk that any delay will present a substantial threat of imminent danger to life or public safety." Id. at 633, 547 S.E.2d at 524. The Court further stated, "[w]e have applied an imminent danger standard in reviewing the sufficiency of an anonymous tip where there is a contemporaneous description of dangerous criminal activity such as brandishing a firearm in a public place." Id. This contemplates exactly the situation facing police officers in the present case. The combination of appellant's recent brandishing of a firearm and the presence of a child in the car presented exigent circumstances.

"As the United States Supreme Court has explained, if an officer stops a vehicle and has probable cause to believe that the vehicle contains evidence of a crime, then a warrantless search of that vehicle is permissible under the automobile exception." Duncan v. Commonwealth, 55 Va. App. 175, 179-80, 684 S.E.2d 838, 840 (2000) (citing Maryland v. Dyson, 527 U.S. 465, 466-67 (1999)). "The Supreme Court specifically pointed out in Gant that, if an officer has probable cause to believe that a vehicle contains evidence of a crime, then the officer may search that vehicle without a warrant." Id. at 181, 684 S.E.2d at 841 (citing Gant, 556 U.S. at 346).

As long as there is probable cause, this automobile exception "'authorizes a search of any area of the vehicle in which the evidence might be found,'" Armstead v. Commonwealth, 56 Va. App. 569, 576 n.4, 695 S.E.2d 561, 564 n.4 (2010) (quoting Gant, 556 U.S. at 347), and the "authority to search need not be incident to arrest or in any way related to a recent occupant," id.[4] Under the circumstances in the present case, we conclude that Officer Warner had probable

---

[4] Appellant contends on brief that Gant is inapplicable to this case, because the search of her vehicle was not incident to arrest. Assuming, without, deciding, that Gant does not apply, the trial court nevertheless found that there was probable cause to search the car for weapons.

cause to search appellant's vehicle, including the trunk. The trial court properly found that it was reasonable to believe that the vehicle contained evidence of a crime. After Warner searched the passenger compartment of the vehicle and did not find a gun, it was reasonable for him to next search the vehicle's trunk.[5] This is particularly true because appellant had been seen brandishing a firearm within ten minutes of the search. It was reasonable to infer the weapon was still in the car at the time of the search.

Appellant asserts that officers *could have* obtained a search warrant before conducting the search of her vehicle. This is of no moment. It was reasonable for Officer Warner to personally verify the reliability and adequacy of the information he had received from dispatch. See Fore v. Commonwealth, 220 Va. 1007, 1011, 265 S.E.2d 729, 732 (1980). Further, the fact that officers did not obtain a search warrant at the earliest practicable moment did not, without more, negate the legality of the subsequent search. See Verez v. Commonwealth, 230 Va. 405, 410, 337 S.E.2d 749, 752 (1985). A warrantless search of a vehicle is not invalidated merely because officers might earlier have obtained a search warrant. See Fore, 220 Va. at 1011, 265 S.E.2d at 732 (holding that, even though information the officer had obtained through hearsay was arguably sufficient to obtain a search warrant, officer acted reasonably and responsibly in verifying the adequacy of that information by personal investigation).

A vehicle search may be conducted if it is based upon "facts that would justify the issuance of a warrant, even though a warrant has not been actually obtained." United States v. Ross, 456 U.S. 798, 80 (1982). "[T]he automobile exception has no separate exigency requirement." Maryland v. Dyson, 527 U.S. 465, 466 (1999) (per curiam). "If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus

---

[5] We note that while Whitehead v. Commonwealth, 278 Va. 300, 683 S.E.2d 299 (2009), held that probable cause to search must be particularized, rather than by process of elimination, that case addressed the search of a person, not a vehicle. Therefore, Whitehead does not apply.

permits police to search the vehicle without more." <u>Pennsylvania v. Labron</u>, 518 U.S. 938, 940 (1996). Under the circumstances in the present case, police were justified in searching appellant's vehicle, both the passenger compartment and the trunk.

Finally, appellant argues that any statement given to police should have been suppressed. However, appellant's statement was admitted into evidence without objection. The trial court was not on notice that the statement was at issue. Therefore, any assertion that her statement should have been suppressed is barred by Rule 5A:18.

CONCLUSION

Appellant's argument as to her statement to Officer Tolson is waived under Rule 5A:18. Regarding the search of appellant's vehicle, we find no error in the trial court's denial of appellant's motion to suppress evidence. We therefore affirm.

<u>Affirmed.</u>