COURT OF APPEALS OF VIRGINIA

Present:   Judges Alston, McCullough and Senior Judge Clements
Argued by teleconference


COMMONWEALTH OF VIRGINIA
                                            MEMORANDUM OPINION* BY
v.      Record No. 0487-15-2                JUDGE ROSSIE D. ALSTON, JR.
                                                   JULY 28, 2015
DOMANIQUE TERRELLE WALLER


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        Margaret P. Spencer, Judge Designate

              Victoria Johnson, Assistant Attorney General (Mark R. Herring,
              Attorney General, on briefs), for appellant.

              Dorian Dalton, Senior Assistant Public Defender (Office of the
              Public Defender, on brief), for appellee.


        The Commonwealth appeals the trial court's pretrial order granting a motion to suppress

certain evidence seized from the defendant, Domanique Waller, following a search of his

vehicle.  On appeal, the Commonwealth argues that the trial court erred in granting the motion to

suppress because the officer who conducted the search had probable cause to believe that the

vehicle contained evidence of a crime.  For the reasons that follow, we find that the trial court

erred in granting the defendant's motion to suppress and reverse and remand for trial, if the

Commonwealth be so inclined.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND[1]

"In reviewing a trial court's ruling on a suppression motion, we consider the evidence in the light most favorable to the prevailing party below," the defendant in this instance, "granting to it all reasonable inferences fairly deducible therefrom." Askew v. Commonwealth, 38 Va. App. 718, 722, 568 S.E.2d 403, 405 (2002). So viewed, the evidence established the following.

Officer T. Wade was walking toward his parked patrol car when he initially observed the defendant's then-unoccupied vehicle. He noticed that the vehicle had a "newer inspection sticker on it," so he memorized the number and later attempted to verify it through the laptop computer in his patrol car. The inspection sticker "came back as a stolen article through the state police [database]."

Officer Wade then waited for the vehicle's occupant to return. He watched as the defendant later entered the vehicle and began driving away, and initiated a traffic stop soon thereafter. Officer Wade testified that the defendant "appeared nervous." "He didn't have a license on him. Simple questions [Officer Wade] started to ask [the defendant] he didn't answer quickly, name, date of birth, social, stuff like that, about the car. The car wasn't registered to him."

After writing down the defendant's identification information, Officer Wade returned to his patrol car and attempted to verify the defendant's information. That search returned an arrest warrant for the defendant for his failure to appear in court. Officer Wade placed the defendant under arrest and then entered the defendant's vehicle, removed the stolen inspection sticker, and

---

[1] As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

searched the vehicle. During the search, Officer Wade discovered, in an armrest, a firearm and a plastic baggie with what he believed to be narcotics.

The defendant was subsequently indicted for possessing a firearm after previously being convicted of a felony, in violation of Code § 18.2-308.2. Shortly thereafter, the defendant filed a motion to suppress the evidence discovered during Officer Wade's warrantless search of the defendant's vehicle. Relying primarily on the Supreme Court's decision in Arizona v. Gant, 556 U.S. 332 (2009), the defendant asserted that the warrantless search of his vehicle was conducted without probable cause, argued that the search did not fall within the search incident to arrest exception to the warrant rule, and requested therefore that the trial court suppress the evidence discovered during the search.

During a hearing on the defendant's motion, Officer Wade described the reasons that led him to search the defendant's car. Officer Wade testified that he has investigated hundreds of cases where state inspection stickers were reported stolen. Through that experience, Officer Wade developed familiarity with the inspection process and learned that state inspection facilities issue supporting documentation with the inspection sticker. In the past, a "pink slip" was issued with the inspection sticker, Officer Wade explained. Now a consumer receives "a full piece of paper . . . with a state seal and the list of items" that were inspected. According to Officer Wade, because the inspection stickers and supporting documentation go hand-in-hand, the supporting documentation is often "stolen and then sold with the [inspection] stickers." Officer Wade also testified that it has been his experience that drivers commonly store the supporting documentation in their vehicles. Based on that prior experience and his knowledge that the relevant inspection sticker was reported stolen, Officer Wade not only removed the inspection sticker from the defendant's car but also performed a search of the vehicle.

Following Officer Wade's testimony, the parties put forward argument on the motion to suppress. The defendant argued that the warrantless search was impermissible under Gant, as a search incident to arrest, because the defendant was not within reaching distance of the vehicle at the time of the search and because the officer did not have probable cause to believe that the car contained evidence of the specific crime for which the defendant was arrested - the arrest warrant issued for his failure to appear in court. The Commonwealth responded that the Gant decision was a red herring; the search was proper under the "plain automobile" exception to the warrant rule.[2] Officer Wade was permitted to search the entire vehicle once he developed probable cause to believe that supporting documentation would be present in the defendant's car.

The trial court granted the defendant's motion to suppress, finding that "[t]he officer did not have probable cause to search the entire vehicle." The Commonwealth thereafter filed a timely notice of appeal.

This appeal followed.

ANALYSIS

The Commonwealth contends that the trial court erred in granting the defendant's motion to suppress evidence discovered during a search of his vehicle. On appeal from such an order, the Commonwealth has the burden to show that the ruling constituted reversible error. See Murphy v. Commonwealth, 264 Va. 568, 573, 570 S.E.2d 836, 838 (2002). We review *de novo* whether a warrantless search violated the Fourth Amendment. See McGee v. Commonwealth,

---

[2] The automobile exception to the warrant requirement permits an officer to search a vehicle "if [the] officer stops [the] vehicle and has probable cause to believe that the vehicle contains evidence of a crime." Duncan v. Commonwealth, 55 Va. App. 175, 179-80, 684 S.E.2d 838, 840 (2000). As long as there is probable cause, this exception "'authorizes a search of any area of the vehicle in which the evidence might be found.'" Armstead v. Commonwealth, 56 Va. App. 569, 576 n.4, 695 S.E.2d 561, 564 n.4 (2010) (quoting Gant, 556 U.S. at 347). "This authority to search need not be incident to arrest or in any way related to a recent occupant." Id.

25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (*en banc*) ("'Ultimate questions of reasonable suspicion and probable cause to make a warrantless search' involve questions of both law and fact and are reviewed *de novo* on appeal." (quoting Ornelas v. United States, 517 U.S. 690, 691 (1996))).

As a general rule warrantless searches are presumptively unreasonable. Farmer v. Commonwealth, 21 Va. App. 111, 111, 462 S.E.2d 564, 565 (1995). But this general rule is not without exception. See Duncan v. Commonwealth, 55 Va. App. 175, 179, 684 S.E.2d 838, 840 (2009) (citing Flippo v. West Virginia, 528 U.S. 11, 14 (1999)). As relevant in this case, "if an officer stops a vehicle and has probable cause to believe that the vehicle contains evidence of a crime, then a warrantless search of that vehicle is permissible under the automobile exception." Id. (citing Maryland v. Dyson, 527 U.S. 465, 466-67 (1999)).

"[P]robable cause is a flexible, common-sense standard." Texas v. Brown, 460 U.S. 730, 742 (1983). It is a standard that deals with probabilities, not "'hard certainties.'" Powell v. Commonwealth, 57 Va. App. 329, 335, 701 S.E.2d 831, 833 (2010) (quoting Slayton v. Commonwealth, 41 Va. App. 101, 106, 582 S.E.2d 448, 450 (2003)). Thus, "when the facts and circumstances within [an] officer's knowledge . . . alone are sufficient to warrant a person of reasonable caution to believe that" evidence of a crime is present in a vehicle, probable cause exists to search that vehicle under the automobile exception. Taylor v. Commonwealth, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981). In determining whether probable cause exists, we consider the officer's specialized knowledge, training, and experience. See id. at 821, 284 S.E.2d at 836 (citing Hollis v. Commonwealth, 216 Va. 874, 877, 223 S.E.2d 887, 889 (1976)).

Under the specific circumstances of this case, we conclude that Officer Wade had probable cause to search the defendant's vehicle for evidence related to the crime of possessing or using a stolen "inspection sticker *or any paper issued . . . in connection* with vehicle safety

- 5 -

inspections." Code § 46.2-1172 (emphasis added). Prior to searching the defendant's vehicle, Officer Wade had probable cause to believe that the defendant was in possession of a stolen inspection sticker. As he explained during his testimony at trial, Officer Wade observed the defendant's inspection sticker when he walked past the unoccupied vehicle on his way to his patrol car. Officer Wade memorized the sticker number and later verified that information "through [the] mobile data terminal" in his patrol car. The inspection sticker "came back as a stolen article through the state police."[3] Moreover, Officer Wade described the defendant as appearing "nervous" during their interaction and hesitating to answer simple questions, such as his name, date of birth, and social security number. See United States v. Mendenhall, 446 U.S. 544, 563-64 (1980) (indicating that nervous behavior in the presence of law enforcement officers may be a factor in determining probable cause). That information alone established probable cause to suspect that the defendant was in possession of a stolen inspection sticker and authorized Officer Wade to enter and search the vehicle and seize what he believed to be the stolen inspection sticker. That much is straightforward from the principles established above.

While the defendant maintains that "[t]he evidence presented at the motion to suppress did not establish *probable cause to believe there was contraband or evidence of a crime inside the vehicle*," Appellee's Br. at 10 (emphasis added), the trial court ruled on much narrower grounds. It found that the officer "did not have probable cause to search the *entire* vehicle." (Emphasis added). Although the trial court did not expand on its reasoning, we presume the trial

---

[3] Officer Wade's knowledge that the inspection sticker had been previously reported as stolen distinguishes this case from Moore v. Commonwealth, 276 Va. 747, 668 S.E.2d 150 (2008), which the defendant cites on brief. Whereas the officer in Moore merely suspected that the peeling inspection sticker had been stolen, because, in his experience, peeling inspection stickers do not belong to the vehicles to which they are attached, id. at 757, 668 S.E.2d at 156, Officer Wade knew from his prior search of the state police database that the relevant inspection sticker had been reported stolen.

court's finding spoke to Officer's Wade's continued search of the vehicle after removing the inspection sticker reported as stolen. In other words, the trial court found that Officer Wade exceeded the scope of the permissible search by searching in areas the officer did not have probable cause to believe that evidence of the crime was hidden. We disagree.

As long as there is probable cause, the automobile exception "'authorizes a search of any area of the vehicle in which the evidence might be found.'" Armstead v. Commonwealth, 56 Va. App. 569, 576 n.4, 695 S.E.2d 561, 564 n.4 (2010) (quoting Gant, 556 U.S. at 347); see 3 Wayne R. LaFave, Search and Seizure §7.2(c), at 753 (5th ed. 2012) (noting "that while ordinarily probable cause to search a vehicle will constitute probable cause to search the entire vehicle with at least some intensity, this is not inevitably the case" (internal citations omitted)). As described above, Officer Wade had probable cause to believe that the defendant's vehicle contained evidence of a crime because the inspection sticker in the defendant's car had been previously reported as stolen. But that singular piece of information was not the whole basis for probable cause, even if it was the single most significant factor.

Officer Wade testified that he has investigated hundreds of stolen inspection sticker cases. He testified that state inspection stickers are issued along with supporting documentation, "a full piece of paper . . . with a state seal and the list of items that they check off or they're supposed to check for state inspection." In Officer Wade's experience that documentation is commonly in the vehicle because it is "stolen and sold with the [inspection] stickers." The two items go "hand-in-hand," he testified. Given Officer Wade's knowledge that the inspection sticker affixed to the defendant's vehicle had been previously reported stolen, given his knowledge that supporting documentation is issued alongside inspection stickers, and given his experience that the supporting documentation is often "stolen and sold with the inspection stickers," we hold that Officer Wade had probable cause to believe that the defendant's vehicle

- 7 -

may have contained supporting documentation in addition to the stolen inspection sticker.  The automobile exception to the warrant rule therefore authorized Officer Wade to search "'any area of the vehicle in which the evidence might be found.'"  <u>Armstead</u>, 56 Va. App. at 576 n.4, 695 S.E.2d at 564 n.4 (quoting <u>Gant</u>, 556 U.S. at 347).

For the foregoing reasons, we reverse the trial court's order suppressing the evidence and remand the case for further consideration consistent with this opinion.

<u>Reversed and remanded.</u>